```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION
```

**JESSIE WAYNE DIXON,**            :

    **Plaintiff,**                 :

vs.                                :    CIVIL ACTION 07-00717-WS-B

**STATE OF ALABAMA,** *et al.*,    :

    **Defendants.**                :

<u>**REPORT AND RECOMMENDATION**</u>

Plaintiff, a former Alabama prison inmate, proceeding <u>pro se</u>, filed the instant action alleging violations under 42 U.S.C. § 1983 (Docs. 5, 9). This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4), and is now before the Court due to Plaintiff's failure to pay the filing fee or in lieu thereof, complete and file a motion to proceed without prepayment of fees and costs.

Plaintiff filed this Section 1983 action while incarcerated at Baldwin County Jail. (Doc. 5). Plaintiff requested and was granted permission to proceed without prepayment of fees (Docs. 11, 15). During the screening of Plaintiff's Complaint, the Court observed that in his pleading filed December 17, 2008 (Doc. 20), Plaintiff advised the Court that he would be completing his sentence on January 1, 2009, and he provided a "free-world" address (Doc. 20). As a result, the Court reviewed the Alabama Department of Corrections' website and discovered that Plaintiff is no longer

incarcerated. Accordingly, in an Order dated October 1, 2009 (Doc. 22), the Court observed that because Plaintiff initiated this action while he was a prisoner, he remained obligated to pay the entire $350.00 filing fee in this action. Gay v. Texas Dept. of Corrections State Jail Div., 117 F.3d 240, 242 (5th Cir. 1997); 28 U.S.C. § 1915(b)(1). Plaintiff was directed to pay the filing fee by October 30, 2009, or in lieu thereof, to submit a new motion to proceed without prepayment of fees so the Court could determine a payment schedule for the payment of the $350.00 filing fee. (Id.)

Plaintiff was cautioned that his failure to comply with the Court's Order within the prescribed time would result in the dismissal of this action for failure to prosecute and to obey the Court's Order. To date, Plaintiff has not paid the required $350.00 filing fee or in lieu thereof, filed a motion to proceed without prepayment of fees and costs. In addition, Plaintiff's copy of the October 1, 2009 Order has not been returned to the Court.

Due to Plaintiff's failure to comply with the Court's October 1, 2009 Order (Doc. 22) and to prosecute this action, and upon consideration of the alternatives available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. Link v. Wabash R. R., 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to

dismiss *sua sponte* an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983).  Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir.) (finding that the court's inherent power to manage actions before it permitted the imposition of fines), *cert. denied*, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

The attached sheet contains important information regarding objections to the Report and Recommendation.

**DONE** this **4th** day of **December, 2009.**

                                               **/S/SONJA F. BIVINS**
                                     **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within **fourteen (14)** days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" ...... The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within **fourteen (14)** days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72.

3.  **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.